FILED

2011 Dec-12  PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **SHERRY A. BUTLER** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 10-CV-3523-RBP** |
| | ) | |
| **ALLSTATE INDEMNITY** | ) | |
| **COMPANY, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

This cause is before the court on Defendant Allstate Indemnity Company's ("Allstate") Motion for Final Summary Judgment filed November 2, 2011.  Allstate  asserts it is entitled to judgment as a matter of law with respect to all of plaintiff Sherry A. Butler's ("the plaintiff") claims.

### I.    FACTUAL AND PROCEDURAL HISTORY[1]

The plaintiff was hired by TX Direct on February 16, 2005 and  subsequently moved to New York City. She visited Alabama from time to time over the next two years and then moved back to Birmingham in September or October of 2007. On or about March 20, 2006, the plaintiff applied for a manufactured home insurance policy with Allstate, via the Stuman Agency, for the subject property at 149 Smokey Hollow Drive. The plaintiff informed the agents at the Stuman Agency that she was not residing in the house at the time of the policy application. For whatever reason, the Stuman Agency incorrectly noted that the plaintiff was an occupant of the house at that time.

---

[1]  Construed in favor of the plaintiff, pursuant to *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).

1

A fire at the house occurred on March 21, 2008. The plaintiff was subsequently arrested by Ashville Police Officer, Alan Shaddix, for "failing to assist in fire control." Although the Ashville Fire Department investigation was suspended indefinitely because the file disappeared in the middle of the investigation, Ashville Fire Department Investigator Crosby and Ashville Fire Chief Barry later testified that the subject fire was "set" and/or "incendiary."

On March 24, 2008, the plaintiff provided notice of the fire to Allstate. Allstate immediately began its investigation of the claim. On December 1, 2008, Allstate's attorney Lisa Barkley sent the plaintiff a denial letter. Allstate then paid Metro Bank, the plaintiff's mortgage company, the "actual cash value" of the mobile home pursuant to policy provisions. The plaintiff later defaulted on the remainder of the mortgage, and Metro Bank sought a deficiency judgment against her.

The plaintiff filed this complaint in St. Clair County Circuit Court, asserting claims for breach of the insurance contract with Allstate, bad faith denial of the claim, and for damages arising out of a deficiency judgment asserted against the plaintiff by the mortgagee, Metro Bank. Allstate, the only remaining defendant, removed the case to this court and then filed for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## II.   The Claims

**Plaintiff's Breach of Contract Claim**

In her Amended Complaint the plaintiff asserts "The Defendant[], Allstate Indemnity Company. . .[has] wholly failed and refused to make payment in accordance with the terms of the insurance contract with respect to the Plaintiff and accordingly has breached the terms of the insurance contract."

Allstate argues that the plaintiff's breach of contract claim fails as a matter of law for two

reasons: 1) the policy was *void ab initio* because the plaintiff concealed and/or fraudulently induced Allstate to issue and/or renew the manufactured home policy based on the representation that the plaintiff was an occupant of, and resided at, the subject property when she in fact did not; and 2) the plaintiff made several misrepresentations concerning material facts during the claims process.

Under Alabama law, an insurer is entitled to void an insurance policy if misrepresentations, even innocent ones, are made in the application and the insurer would not have issued the subject policy but for the misrepresentation. *Duren v. Northwest National Life Ins. Co.*, 581 So. 2d 810, 813 (Ala. 1991). Allstate claims the plaintiff misrepresented that she was the occupant of the home at the time she applied for the insurance policy and that it was her primary residence. In fact, this information was false as the plaintiff did not live there at the time of the application, but instead worked and lived in New York City.

The plaintiff, on the other hand, asserts that she did not make any such misrepresentations at the time she applied for insurance. She maintains that she informed the agents at the Stuman Agency that she did not live at the home, and that if her application indicated such then that was due to an error an behalf of the agents.

Furthermore, Allstate alleges that the plaintiff made several misrepresentations during the claims process, rendering her policy void and defeating any coverage to which she would have otherwise been entitled. Ala. Code § 27-14-28 states, "[n]o misrepresentation in any proof of loss under any insurance policy shall defeat or void the policy unless such misrepresentation is made with actual intent to deceive as to a matter material to the insured's rights under the policy." The subject policy also contains a provision which states, "[w]e do not cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance."

3

Allstate alleges the plaintiff made three material misrepresentations. First, Allstate alleges the plaintiff misrepresented her whereabouts on the night before the subject fire. During the claims process, the plaintiff testified under oath that she stayed at the property the night before the fire. However, during sworn interrogatory responses on May 18, 2011 the plaintiff stated that she spent the night at Debbie Kramer's house in Birmingham the night before the fire.

Second, Allstate alleges that the plaintiff misrepresented the availability of a storage unit. During the claims process, the plaintiff testified that she did not have any storage unit available to her. Kyle Butler and Shauna Hall told Allstate that the plaintiff was presently renting a storage unit at South Hall, which Allstate confirmed upon inspection. Prior to this, Allstate alleges, the plaintiff was using and had access to a storage unit rented by a Dr. Robert Okin, which was opened in January 2006. Dr. Okin informed the plaintiff in September, 2009 that she would no longer have access to the unit. The plaintiff argues that she did not maintain a storage unit at the time of the fire. She claims that the records submitted by Allstate merely indicate that she had access to Dr. Okin's storage unit at one time and that her access was terminated sometime in September 2009.

Third, Allstate alleges that the plaintiff misrepresented some of the items on her content inventory, including a "Bach trumpet" and several books. According to Allstate, these items were not destroyed by the fire as the plaintiff had claimed, but were in fact discovered in the plaintiff's storage unit. The plaintiff maintains that the items found in her storage unit were different than the ones claimed on the contents inventory. She asserts that she had more than one such trumpet and multiple copies of the books listed.

Finally, Allstate argues that it made payment to Metro Bank as the mortgagee in accordance with the  insurance policy, and therefore did not breach the insurance contract in this manner.

Allstate claims that its policy is unambiguous, and as such a court has a duty to enforce the policy as written. *Amerisure Ins. Co. v. Allstate*, 582 So. 2d 1100 (Ala. 1991); see also *Pritchett v. State Farm Auto. Ins. Co.*, 834 So. 2d 785 (Ala. Civ. App. 2002). Allstate maintains that its policy does not obligate Allstate to completely satisfy the mortgagee's interest for the subject residence and accompanying property; in this situation the policy called for Allstate to pay the mortgagee the "actual cash value" of the subject property, which it did.

The plaintiff argues that at the time of the fire, she had a policy with Allstate that provided coverage in excess of $70,000.00 on her manufactured home and a mortgage with Metro Bank on the home in excess of $64,000.00. After the claim investigation, Allstate paid only a little over $38,000.00 towards the satisfaction of the mortgage. The plaintiff argues that she had a reasonable expectation that she would be paid the limit of her policy, or at least the balance of her mortgage if the home were destroyed by fire. Furthermore, the plaintiff maintains that the language in the policy relied upon by Allstate is ambiguous and difficult to understand. The plaintiff asserts that she is entitled to the full policy amount, and that it was breach of contract for Allstate not to pay her that amount.

**Plaintiff's Bad Faith Claim**

In her Amended Complaint, the plaintiff asserts

11.   In spite of the existence of the above referred insurance contract and in spite of the fact that the Defendant[], Allstate Indemnity Company. . .were obligated to pay the Plaintiff's claim. The Defendant[], Allstate Indemnity Company. . .[has] intentionally refused to pay the Plaintiff's claim.

12.   That there was an absence of any reasonably legitimate or arguable reason for that refusal to pay the claim and that the Defendant insurer. . .had actual knowledge that there was no reasonably legitimate, arguable or debatable reason to deny such Plaintiff's claim.

5

13.     The Defendant[], Allstate Indemnity Company. . .[has] no reasonable basis
        in law or in fact to deny coverage under the terms of the insurance contract.

14.     The Defendant[] acted in bad faith in refusing to pay said claim.

Allstate argues that the plaintiff cannot establish the prima facie elements of her bad faith

claim, as Allstate did not breach the insurance contract. Under Alabama law, there can be no bad

faith claim where there has been no breach of contract. *Mitchell v. State Farm Fire & Casualty Co.*,

642 So. 2d 462 (Ala. 1994). Allstate also asserts that a prima facie case of bad faith cannot be made

by the plaintiff because Allstate had a legitimate and debatable basis for denying the plaintiff's

claim; namely, that it conducted a thorough investigation and uncovered misrepresentations made

by the plaintiff during the application and claims process as well as evidence to indicate arson by the

plaintiff. Allstate also argues that it is entitled to rely on the advice of counsel in rendering its claim

determination, and that reliance upon a lawyer's advice constitutes evidence of good faith. *See Davis*

*v. Cotton States Mut. Ins. Co.*, 604 So. 2d 354, 359 (Ala. 1992). Allstate's attorney, Mrs. Barkley,

advised Allstate to deny the plaintiff's claim and Allstate followed that advice.

Furthermore, Allstate alleges that the prima facie evidence of arson in this case precludes a

finding of bad faith. In order to establish a prima facie case for arson, an insurer must show evidence

of 1) arson by someone; 2) evidence of motive on the part of the insured; and 3) unexplained

surrounding circumstantial evidence implicating the insured. *Fondren v. Allstate Ins. Co.*, 790 F.2d

1533 (11th Cir. 1986); *Williams v. Allstate Ins. Co.*, 591 So. 2d 38 (Ala. 1991).

First, Allstate asserts that the evidence and testimony clearly show the fire was intentionally

set. Second, Allstate's investigation revealed that the plaintiff was having financial difficulty at the

time of the fire, including that she was not receiving any rent or utilities from the occupants of the

home, that her monthly expenses exceeded her monthly income, that she was receiving unemployment compensation, and that she had recently been laid off. Third, Allstate alleges that circumstantial evidence implicates plaintiff in the arson. Allstate claims that in the weeks leading up to the fire, the plaintiff moved important belongings out of her home; that she asked her son Kyle Butler, a volunteer fireman, how fast her home would burn down if it caught fire; that she told her son and Shauna the house would "burn to the ground" before they stayed there another day; and that the plaintiff provided several different stories to various people about how the fire began and about how the plaintiff discovered the fire.

In response, the plaintiff denies Allstate's allegations. First, she argues that she did not move out important belongings from he home prior to the subject fire. Second, the plaintiff contends that she did ask her son Kyle Butler how fast the manufactured home would burn down, but that the reason she asked was because there had been multiple manufactured home fires in the area recently and that multiple children had died. Third, the plaintiff maintains that she did not provide several different stories to various witnesses about how the fire began and about how she discovered the fire that day. Finally, the plaintiff argues that she was not in "financial distress" at the time of the fire.

### III.   STANDARD OF REVIEW

Under Rule 56(c)(2) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of proving the absence of a genuine issue of material fact.  *Id*. at 323.  The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial."  *Id*. at 324 (citation and internal quotation marks omitted).

A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Anderson*, 477 U.S. at 255 (all justifiable inferences must be drawn in the non-moving party's favor).  However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion."  *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)).  Moreover, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252).

## CONCLUSION

For purposes of summary judgment, this court must determine if there is enough evidence with respect to each of the plaintiff's claims that a jury could reasonably find for the plaintiff. If so, then there exists a genuine issue of material fact such that summary judgment would not be appropriate for that claim.

**The Plaintiff's Breach of Contract Claim**

The court concludes that there are issues of fact regarding the contract claim.  The motion

will be denied as to that claim.

**The Plaintiff's Bad Faith Claim**

The court concludes that the issues are clearly reasonably debatable.  The bad  faith claim

will be dismissed.

This the 12th day of December, 2011.

**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**